UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUDY MCPHAUL and
DAVID RICHBOW,

      Plaintiffs,                    Case No. 22-cv-11987
                                           HON. BERNARD A. FRIEDMAN

vs.

CITY OF DETROIT, et al.,

      Defendants.
_____/

**<u>OPINION AND ORDER GRANTING IN PART THE CITY OF DETROIT'S MOTION FOR PARTAL DISMISSAL</u>**

This matter is presently before the Court on defendant City of Detroit's motion for partial dismissal in lieu of an answer. (ECF No. 5). Plaintiffs have filed a response and Detroit has filed a reply. (ECF Nos. 7, 8). Pursuant to E.D. Mich. LR 7.1(f)(2) the Court shall decide this motion without a hearing. For the following reasons, the Court shall grant the motion in part.

I. <u>Background</u>

Plaintiffs Rudy McPhaul and David Richbow filed this action against the City of Detroit and various police officers employed by the City. (ECF No. 1, PageID.2-3). Plaintiffs allege that on February 17, 2020, they were parked in a minivan in the City and were approached on foot by some of the defendant police

officers who were allegedly part of the City's Gang Intel unit. (*Id.*, PageID.4). Plaintiffs state that the officers approached their vehicle "due to an alleged parking violation, namely, that the vehicle was allegedly parked more than twelve (12) inches from the curb." (*Id.*). Plaintiffs assert that the officers asked McPhaul, who was seated in the driver's seat, for identification and to step out of the vehicle. (*Id.*, PageID.5). Plaintiffs further assert that the officers asked Richbow, who was seated in the rear driver's side, to put his hands on the back of the headrest, which he did. (*Id.*). McPhaul allegedly requested that a police supervisor appear on the scene. (*Id.*).

Plaintiffs claim that a defendant officer decided to tow plaintiffs' vehicle and radioed for support, at which time additional defendant officers arrived on the scene. Plaintiffs allege that these officers ordered plaintiffs to roll down their windows and to exit the vehicle, both of which plaintiffs declined to do. (*Id.*). Plaintiffs assert that McPhaul eventually provided his temporary license and vehicle information to a defendant officer. (*Id.*).

Plaintiffs allege that a defendant officer nevertheless "made a forced entry into the vehicle by breaking the rear passenger side window" and thereafter unlocked the vehicle's doors and detained plaintiffs. (*Id.*, PageID.6). Plaintiffs state that they were handcuffed, searched, and placed in the rear of police vehicles and that defendant officers then "unlawfully searched the vehicle" and "illegally

obtained several items from the vehicle." (*Id.*). Plaintiffs claim they were then advised that they were under arrest for violation of the Controlled Substance Act and were transported to the Detroit Detention Center for interrogation by defendant officers. (*Id.*). Plaintiffs claim that at no point prior to approaching the vehicle, instructing plaintiffs to exit the vehicle, forcing entry, detaining plaintiffs, or searching plaintiffs and their vehicle did defendant officers believe a crime had been committed other than the parking infraction. (*Id.*). Finally, plaintiffs claim that they never posed an immediate threat of death or serious physical injury to defendants and that at no time did defendant officers suspect plaintiffs of committing any serious crime or observe plaintiffs commit any crime beyond the suspected parking infraction. (*Id.*, PageID.7).

The complaint includes the following causes of action:

- Count I: Unreasonable Search and Seizure – Detention and Arrest (42 U.S.C. § 1983)
- Count II: Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)
- Count III: Substantive Due Process (42 U.S.C. § 1983)
- Count IV: Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)
- Count V: Municipal Liability – Failure to Train (42 U.S.C. § 1983)
- Count VI: False Arrest/False Imprisonment
- Count VII: Battery
- Count VIII: Negligence

(*Id.*, PageID.7-16).

II.   Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted if the complaint fails to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).  The Court construes the complaint in the light most favorable to the plaintiff, presumes the truth of all factual assertions, and draws every reasonable inference in favor of the plaintiff.  *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008).  But the Court is not bound to accept as true a legal conclusion couched as a factual allegation.  *Iqbal*, 556 U.S. at 678.

On a motion to dismiss, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Basset*, 528 F.3d at 430.

III.   Analysis

The City moves for partial dismissal of the complaint, stating that it seeks dismissal of "Counts VI-VIII in their entirety and Counts I-III to the extent that they are pled against the City."  (ECF No. 5-2, PageID.68).[1]

---

[1] The City erroneously asserts that plaintiffs have filed a seven count complaint because "Count IV is omitted." (*Id.*, PageID.67, n.5).  The complaint filed on the docket includes eight causes of action; Count IV is not omitted.  (ECF No. 1).  In

4

a. Counts I-III and VI-VIII are dismissed against Detroit

The Court agrees with the City that it is unclear whether Counts I-III were pled against the City. *Compare* (ECF No. 1, PageID.7-10) (making no specific reference to the City in counts I-III) *with* (*Id.*, PageID.14-16) (alleging that the City is vicariously liable for the actions of other defendants in counts VI-VIII). In so far as plaintiffs intended to plead Counts I-III against the City, they fail as against the City under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Counts I-III specifically rely on 42 U.S.C. § 1983. (ECF No. 1, PageID.7-10). But *Monell* established that while municipalities may be sued under § 1983 where the allegedly unconstitutional action implements an official policy, regulation, or decision or a governmental "custom," a municipality cannot be held liable under § 1983 pursuant to a theory of *respondeat superior*. 436 U.S. at 690-91. To the extent Counts I-III are pled against the City, they do not allege an official policy or

---

the present motion for partial dismissal, Detroit characterizes Count V as "Monell" and does not seek to dismiss Count V. (ECF No. 5-2, PageID.67-68). In the complaint filed on the docket, Count IV (exists and) is stated as "municipal liability for unconstitutional custom or policy (42 U.S.C. § 1983)." (ECF No. 1, PageID.10). Likewise, in the complaint filed on the docket, Count V (exists and) is stated as "municipal liability – failure to train (42 U.S.C. § 1983)." (*Id.*, PageID.12). Both Counts IV and V might be considered claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). In any event, the Court will not dismiss either Count IV or Count V given that the instant motion does not seek dismissal of either count.

custom[2] and would rely on a theory of *respondeat superior*; they must accordingly be dismissed as against the City.[3]

With regard to Counts VI-VIII, alleging state law claims, the City urges that it "is absolutely immune under Michigan law for any tort allegedly committed by the Defendant Officers" pursuant to Michigan's governmental immunity statute. (ECF No. 5-2, PageID.71). Mich. Comp. Laws § 691.1407(1) provides: "[e]xcept as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." Plaintiffs here have the burden of either showing that the case falls within one of the exceptions to the act or pleading facts that demonstrate that the alleged tort occurred during the exercise of a nongovernmental or proprietary function. *Mack v. Detroit*, 649 N.W.2d 47, 55-57 (Mich. 2002).

---

[2] An illegal policy or custom may be shown
> by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

[3] Plaintiffs appear to misunderstand the City's argument. Their response urges that the complaint details allegedly unconstitutional conduct of defendant officers who were employed by the City and that plaintiffs "are confident that meaningful discovery will reveal that the factual averments contained within [their] complaint will be confirmed as true and/or accurate by the individual Defendants." (ECF No. 7, PageID.194). Regardless of whether the allegations as to the individual defendants are true, as a matter of law Counts I-III do not state a cognizable claim under 42 U.S.C. § 1983 against the City. *Monell*, 436 U.S. at 690-91.

Plaintiffs again appear to misunderstand the City's argument. They do not argue that the case fits within one of the exceptions to the act nor that the incident occurred during the exercise of a nongovernmental function. Instead, they cite to a later provision of the same statutory provision, Mich. Comp. Laws § 691.1407(2)(a)-(c). (ECF No. 7, PageID.195). That section provides:

> Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:
>   (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.
>   (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
>   (c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

Subsection (2) relates to officers, employees, volunteers, and board members of a governmental agency and is thus inapplicable to the governmental agency itself, the City of Detroit. Mich. Comp. Laws § 691.1407(2). As indicated above, subsection (1) pertains to the governmental agency and is thus the relevant statutory provision with regard to the City.

Counts VI-VIII are appropriately dismissed against the City because plaintiffs have failed to "plead[] in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function." *Mack*, 649 N.W.2d at 57.[4]

b. Counts VI and VII are time-barred

The City also urges that Counts VI and VII for state law claims are barred by the statute of limitations. (ECF No. 5-2, PageID.72-73). Acknowledging that the federal claims pursuant to § 1983 (*i.e.* Counts I-III) are subject to a three-year statute of limitations, the City urges that the state law claims for false arrest/false imprisonment and battery are subject to a two-year statute of limitations under Mich. Comp. Laws § 600.5805(3). (*Id.*).

Mich. Comp. Laws § 600.5805(3) provides that "the period of limitations is 2 years for an action charging assault, battery, or false imprisonment." Plaintiffs allege that the incident occurred on February 17, 2020. (ECF No. 1, PageID.4). The complaint was filed on August 31, 2022, more than two years later, and

---

[4] And in so far as plaintiffs argue that defendants "were not acting in the exercise or discharge of a government function," (ECF No. 7, PageID.196), this assertion is belied by both the law and their own complaint. *Mack*, 649 N.W.2d at 57 ("It is well established in Michigan that the management, operation, and control of a police department is a governmental function."); *see also* (ECF No. 1, PageID.3, ¶ 5) (alleging that officer defendants were at all relevant times "acting under color of law within the course and scope of their respective duties as police officers").

8

plaintiffs have raised no allegations that would support any type of tolling. Accordingly, Count VI (false arrest/false imprisonment) and VII (battery) are time barred and appropriately dismissed. *Roberson v. Macnicol*, 698 F. App'x 248, 250 (6th Cir. 2017) ("[Plaintiff's] state-law claims for assault and battery, false arrest, and false imprisonment are subject to a two-year statute of limitations.").[5]

### c. Plaintiffs agree to dismiss Count III

The City also moves for dismissal of plaintiffs' substantive due process claim (*i.e.* Count III). (ECF No. 5-2, PageID.87-88). In their response, "Plaintiffs agree to dismiss Count III of their compl[ai]nt." (ECF No. 7, PageID.200). Accordingly, Count III will be dismissed.

### d. The Court need not reach the City's other arguments

The City raises two additional arguments, neither of which the Court will address.

First, the City argues that plaintiffs' negligence claim (Count VIII) should be dismissed as against the individual defendants. (ECF No. 5-2, PageID.74). The Court has already determined that Detroit is immune from Counts VI-VIII under

---

[5] Again, plaintiffs appear to misunderstand the issue. Plaintiffs do not dispute that their claims accrued on February 17, 2020, nor do they argue in favor of any tolling. Instead, they urge that their § 1983 claims are subject to a three-year statute of limitations. (ECF No. 7, PageID.197). Detroit acknowledged as much in its motion and that question is not before the Court. The relevant question here is whether the *state law* claims for false arrest/false imprisonment and battery (*i.e.* Counts VI and VII, which do not rely on 42 U.S.C. § 1983) are subject to a two-year statute of limitations.

9

the Michigan governmental immunity statute. There is no indication on the docket that the individual defendants have yet been served and the present motion for partial dismissal was filed only by the City of Detroit. Therefore, the Court will not entertain arguments on behalf of defendants who are not yet part of this litigation.

Second, the City argues that the Court should decline supplemental jurisdiction over plaintiffs' false arrest and battery claims (*i.e.* Counts VI and VII) as these claims may predominate over federal claims. (ECF No. 5-2, PageID.75-87). The Court has already determined that the City is immune from Counts VI-VIII and that Counts VI and VII are time barred generally. Thus, it is unnecessary to address Counts VI and VII any further.

Finally, the City points to additional "*curious* remarks" made in plaintiffs' response brief and requests that if plaintiffs intend to argue that officer defendants were not acting in the discharge of a governmental function or were not acting under color of law, that the City be granted leave to file a second motion to dismiss to address Counts I, II, and V. (ECF No. 8, PageID.227-28). Plaintiffs have not, at this juncture, developed these arguments. If and when they do so, the City may then request leave to file a supplemental motion to dismiss.

Accordingly,

IT IS ORDERED that Count I, Count II, and Count VIII are dismissed against the City of Detroit.

IT IS FURTHER ORDERED that Count III, Count VI, and Count VII are dismissed against all defendants.

**SO ORDERED.**

                                                      s/Bernard A. Friedman
                                                      Hon. Bernard A. Friedman
                                                      Senior United States District Judge

Dated: March 7, 2023
       Detroit, Michigan